UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
SCAROLA ELLIS LLP,                      :
                        Plaintiff,      :
                                        :      09 Civ. 10003 (DLC)
            -v-                         :
                                        :      OPINION & ORDER
SKYWORKS VENUTRES, INC. and SKYWORKS    :
INTERACTIVE, INC.,                      :
                        Defendants.     :
----------------------------------------X

APPEARANCES:

For Plaintiff:

Richard J.J. Scarola
Scarola Ellis LLP
888 Seventh Avenue, 45th Floor
New York, NY 10106

For Defendant:

Craig H. Kuglar
Krevolin & Horst, LLC
One Atlantic Center
1201 West Peachtree Street, N.W., Suite 3250
Atlanta, GA 30309


DENISE COTE, District Judge:

    This action arises out of the efforts of plaintiff Scarola

Ellis LLP ("Scarola"), a New York law firm, to recoup certain

fees that it alleges a New Jersey-based client has not paid.

The defendants have moved to dismiss the action or, in the

alternative, to transfer the action pursuant to 28 U.S.C. §

1404(a) to New Jersey.  For the following reasons, the motion is

granted in part.

1

BACKGROUND

Defendant Skyworks Ventures, Inc., f/k/a "Anedom Company, Inc." ("Ventures") is a Delaware corporation with its principal place of business in New Jersey.  Defendant Skyworks Interactive, Inc. ("Interactive" and together with Ventures, the "defendants"), a wholly-owned subsidiary of Ventures, is a New Jersey corporation with its principal place of business in New Jersey.  Ventures acquired Interactive's predecessor-in-interest in December 2007.[1]

Interactive sells applications ("apps") for various platforms, e.g., the Apple iPhone and Nintendo, who, in turn, sell these apps to third parties.  Interactive does not make any direct sales to any entity or customer in New York.  None of Interactive's geographically-targeted advertising has ever been directed at New York and Interactive is not registered to transact business in New York.  Neither Ventures nor Interactive has any office in New York; owns, leases, or has any property, real or personal, in New York; has any employee or any direct customers in New York.  None of Ventures' or Interactive's revenues come directly from New York.

On June 4, 2007, Ventures signed a retainer agreement with Scarola to assist with its capital raising efforts.

---

[1] Ventures' principal place of business was in New York until it relocated to New Jersey after it purchased Interactive in December 2007.

Interactive, which did not even exist at the time, was not a party to the retainer agreement.  Between June 2007 and July 2009, Scarola invoiced Ventures approximately $1.2 million for legal services.  All invoices from Scarola were sent to Ventures and referenced Ventures as the client.  Interactive never executed an engagement letter with Scarola, or paid any monies to Scarola.  Ventures ceased paying its bills in a timely way sometime in early 2009.  Ventures claims that it has paid Scarola approximately $921,896 in legal fees.

On September 30, 2009, Scarola filed a complaint against Ventures and Interactive in the Southern District of New York.  See Scarola Ellis LLP v. Skyworks Ventures Inc., No. 09 Civ. 8309(DLC) (S.D.N.Y. filed Sept. 30, 2009).  The case was assigned to this Court.  After the defendants were granted two extensions of time to respond to the complaint -- once at the behest of the defendants, the other by stipulation of the parties -- Scarola dismissed its claims without prejudice on December 1, three days before defendants were due to respond and, apparently, file counterclaims against Scarola.

Six days later, on December 7, Scarola re-filed the identical complaint against the defendants.  See Scarola Ellis LLP v. Skyworks Ventures Inc., No. 09 Civ. 10003(DLC) (S.D.N.Y. filed Dec. 7, 2009).  Scarola admits that it "determined to re-file the action -- this case -- so as to be sure no preemptive

action was filed against it in a different jurisdiction."  On
December 14, this case was accepted as related to No. 09 Civ.
8309.  From December 7, 2009 to March 31, 2010 (114 days after
filing), Scarola took no steps to serve the complaint on either
Ventures or Interactive.

By letter dated March 31, Scarola advised this Court that
"an involuntary bankruptcy petition has been filed against the
defendants in this case" in the District of New Jersey on March
31.  Scarola was not initially a petitioning creditor against
Interactive, but later joined the petition against Interactive
on May 3.  Scarola requested that the Rule 16 pretrial
conference in this action, scheduled for April 2, be adjourned.
Scarola's request was granted and the parties were directed to
submit a status letter by September 15.  Scarola now admits that
its March 31 letter was incorrect and misleading.  Scarola was
aware at the time that the involuntary bankruptcy petition had
been filed only against Interactive, not Ventures.  Scarola has
"apologize[d]" to the Court and admitted that it "should have
written a clarification or correction to this Court."

On May 11 (155 days after the complaint was filed), Scarola
filed an involuntary bankruptcy petition against Ventures in the
District of New Jersey.  On May 14, Ventures, but not
Interactive, filed a lawsuit against Scarola in New Jersey state
court (the "New Jersey action").  In the New Jersey action,

Ventures alleges, <u>inter alia</u>, that Scarola over billed Ventures for its services and breached its fiduciary duties to Ventures by, among other things, using Ventures' proprietary investor lists to solicit business for itself.  On May 21, Scarola filed a notice of removal of the New Jersey action to United States District Court for the District of New Jersey, where the case is currently pending.

On June 7, the bankruptcy court overseeing the involuntary bankruptcy petitions against Interactive and Ventures, dismissed the petition against Interactive.  Scarola never advised this Court of the dismissal.  On June 14, Scarola purportedly served the summons and complaint against Interactive on Sharon Fordham ("Fordham"), a director of both Ventures and Interactive, at her office.  According to Fordham, the process server "handed [her] papers without identifying them and told [her] to give them to Tom Fordham."  Thomas Fordham is Sharon's husband and is also a director of both Ventures and Interactive.  Fordham "sign[ed] a sheet acknowledging receipt."

On June 28, the bankruptcy court dismissed the involuntary bankruptcy petition filed by Scarola against Ventures.  Scarola did not advise this Court of the dismissal.  On July 1, Scarola purportedly served the summons and complaint on Ventures.  On July 15, the bankruptcy court found that Scarola had filed the petition against Ventures "in bad faith in a two-party dispute

as a litigation tactic to force a settlement" and held that

punitive damages would be awarded after hearing further

evidence.  See In re Skyworks Ventures, Inc., 431 B.R. 573, 574

(Bankr. D.N.J. 2010).  Specifically, the bankruptcy court found

that Scarola's petition

> was an attempt to force Ventures to settle the
> disputed claim of Scarola Ellis by impeding the
> dismissal of the Interactive case and throwing
> Ventures into bankruptcy.  This was a litigation
> tactic that Scarola Ellis hoped would shortcut the
> suit in the District Court where they anticipated a
> defense and counterclaim would be filed if they served
> the summons and complaint.

Id. at 579.  A hearing on punitive damages is scheduled in the

bankruptcy court for September 8.

On July 6, the defendants filed the instant motion to

dismiss or transfer the action pursuant to the District of New

Jersey.  The motion became fully submitted on July 30.


DISCUSSION

1.   Ventures

The complaint must be dismissed against Ventures pursuant

to Rule 4(m), Fed. R. Civ. P.  Rule 4 provides in pertinent

part:

> If a defendant is not served within 120 days after the
> complaint is filed, the court —- on motion or on its
> own after notice to the plaintiff -- must dismiss the
> action without prejudice against that defendant or
> order that service be made within a specified time.
> But if the plaintiff shows good cause for the failure,

the court must extend the time for service for an
appropriate period.

Fed. R. Civ. P. 4(m); Zapata v. City of New York, 502 F.3d 192,
195 (2d Cir. 2007).

Scarola concedes that it did not serve Ventures within 120
days of filing the complaint.  The complaint was filed on
December 7, 2009.  While the action was automatically stayed
against Interactive pursuant to the involuntary bankruptcy
petition filed in the District of New Jersey on March 31, 2010,
this stay did not apply to Ventures.  The service clock
therefore continued to run until Scarola filed an involuntary
bankruptcy petition against Ventures on May 11, 2010 -- 155 days
after the complaint was filed.  The stay as to Ventures was
lifted on June 28 and Scarola purportedly served Ventures on
July 1.  Thus, Ventures was not served until 158 days after the
complaint was filed.

Scarola has not shown "good cause" for this failure.  The
bankruptcy court found that Scarola deliberately did not serve
Ventures in this lawsuit as a tactical maneuver in an attempt to
force a settlement and avoid having counterclaims filed against
it.  In any event, Scarola neither made any effort to effect
service on Ventures nor requested an extension of time to serve.
Although "district courts have the discretion to grant
extensions of the service period even where there is no good

cause shown," Zapata, 502 F.3d at 196, the exercise of such discretion is wholly unwarranted here.  Accordingly, the complaint is dismissed without prejudice against Ventures.

2.   Interactive

Interactive argues that this action should be dismissed for lack of personal jurisdiction, or, in the alternative, transferred to the District of New Jersey pursuant to 28 U.S.C. § 1404(a).  Scarola contends that there are sufficient facts supporting personal jurisdiction over Interactive.  If the Court finds otherwise, Scarola requests additional discovery and a hearing on the issue of personal jurisdiction.  Scarola also opposes transfer of this action to New Jersey on the grounds that this was the "first-filed action."

Even if personal jurisdiction exists as to Interactive, this action should be transferred to the District of New Jersey where the New Jersey action is pending.  The relevant law is well established.  Section 1404 provides:  "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  District courts have "broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case

basis." D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 106
(2d Cir. 2006).  The movant bears the burden of establishing, by
"clear and convincing evidence," that a transfer of venue is
warranted.  N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.,
599 F.3d 102, 114 (2d Cir. 2010).

If the transferee court would also have jurisdiction over
the case, the court must determine whether, considering the
"convenience of parties and witnesses" and the "interest of
justice," a transfer is appropriate.  In making that
determination, a court considers:

> (1) the plaintiff's choice of forum, (2) the
> convenience of witnesses, (3) the location of relevant
> documents and relative ease of access to sources of
> proof, (4) the convenience of parties, (5) the locus
> of operative facts, (6) the availability of process to
> compel the attendance of unwilling witnesses, and (7)
> the relative means of the parties.

Id. at 112.  A court may also consider "the forum's familiarity
with the governing law" and "trial efficiency and the interest
of justice, based on the totality of the circumstances." Berman
v. Informix Corp., 30 F. Supp. 2d 653, 657 (S.D.N.Y. 1998).

If there are duplicative actions, a court must also
consider whether the first-filed rule applies.  "The first-filed
rule states that, in determining the proper venue, where there
are two competing lawsuits, the first suit should have
priority." N.Y. Marine, 599 F.3d at 112 (citation omitted); see
also D.H. Blair, 462 F.3d at 106.  "This rule embodies

considerations of judicial administration and conservation of resources by avoiding duplicative litigation and honoring the plaintiff's choice of forum." Emp'rs Ins. of Wausau v. Fox Ent't Grp., Inc., 522 F.3d 271, 275 (2d Cir. 2008) (citation omitted).

There are two recognized exceptions to the first-filed rule: "(1) where the 'balance of convenience' favors the second-filed action, and (2) where 'special circumstances' warrant giving priority to the second suit." Id. (citation omitted); see also N.Y. Marine, 599 F.3d at 112. "Special circumstances include manipulative or deceptive behavior on the part of the first-filing plaintiff." N.Y. Marine, 599 F.3d at 112. Thus, "the first-filed rule is only a presumption that may be rebutted by proof of the desirability of proceeding in the forum of the second-filed action." Id. at 113 (citation omitted).

Here, even if this action were filed first[2], special circumstances exist to justify an exception to the first-filed rule. First, there is evidence that this was an anticipatory lawsuit. Scarola concedes that after it received "defendants' threat that they would imminently file their own action

---

[2] Interactive argues that the New Jersey action qualifies as the "first-filed" action because Scarola was served with the complaint in that action before Interactive was served in this case, and therefore the New Jersey court was the first to obtain jurisdiction over the parties. This argument need not be addressed because even if this action were filed first, transfer is nonetheless appropriate under the circumstances of this case.

presumably in New Jersey or some other inconvenient
jurisdiction, [Scarola] determined to re-file the action -- this
case -- so as to be sure no preemptive action was filed against
it in a different jurisdiction." Additional evidence of
Scarola's manipulative behavior is its abandonment of its
September 30, 2009 lawsuit as the defendants' time to answer
neared, and the fact that after filing this action, it neglected
to serve Ventures until well after 120 days had lapsed. Scarola
also did not serve Interactive until the very last possible day
under Rule 4(m). The bankruptcy court has found that Scarola
purposefully failed to prosecute this action and pursued its
involuntary bankruptcy petition against Ventures in bad faith in
an attempt to force defendants into a settlement and to abandon
their counterclaims against Scarola. Scarola has offered no
other plausible explanation for its behavior.

Moreover, the balance of convenience and judicial economy
favor transfer. Interactive contends that personal jurisdiction
is lacking in this forum, but the parties do not dispute that
the District of New Jersey would have jurisdiction over this
matter. Although a plaintiff's choice of forum is ordinarily
accorded significant deference, such deference is inappropriate
where, as here, the plaintiff has failed to diligently prosecute
the action in its chosen forum. Transfer will also promote
trial efficiency because it will permit consolidation of this

action with the New Jersey action, both of which arise out of the same transactions.  Scarola itself acknowledges that the two actions are "substantially similar."  This factor therefore weighs heavily in favor of transfer.

The other § 1404(a) factors are either neutral or favor transfer.  All of Interactive's employees, witnesses and documents are located in New Jersey.  In addition, given that many of Interactive's employees may no longer work for the company, but are more likely to be in New Jersey than New York, transfer will allow those employees to be subject to compulsory process in New Jersey.  The relative means of the parties also favors transfer.  Scarola, a New York law firm, is obviously more capable of litigating outside its home district than Interactive, a struggling start-up company with little or no connections to New York.  In any event, consolidating the litigation between Scarola, Interactive, and Ventures in New Jersey will allow all parties to conserve resources.

While Scarola's attorneys and billing records are located in New York, Scarola has not shown that it would be burdensome to litigate this action in New Jersey.  Indeed, it will already have to travel and transport its documents to New Jersey as part of the New Jersey action.  Scarola claims that most of its work for Ventures and Interactive was performed in New York, but it does not dispute that it chose to service a New Jersey client or

12

that some its meetings with Ventures occurred in New Jersey. Thus the locus of operative facts is a neutral factor. Lastly, both fora are equally familiar with the governing law, and therefore this factor is neutral. Accordingly, transfer of this action to the District of New Jersey is clearly warranted.

## CONCLUSION

Defendants' July 6, 2010 motion to dismiss the complaint or, in the alternative, transfer this action, is granted in part. The complaint is dismissed against Ventures without prejudice. The Clerk of Court shall transfer the remainder of the action against Interactive to the District of New Jersey.

SO ORDERED:

Dated:     New York, New York
           September 1, 2010

                              DENISE COTE
                         United States District Judge

13